Alberto Montequin, Esq.
Watson LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
alberto@watsonllp.com

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

| | |
|---|---|
| CHERRIE WALTON, | Case No.: 0:17-cv-61391-WPD |
| Plaintiff, | **CIVIL DIVISION** |
| vs. | **DISTRICT JUDGE WILLIAM DIMITROULEAS** |
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | **MAGISTRATE JUDGE LURANA S. SNOW** |
| Defendant. | **MOTION FOR CLERK'S DEFAULT FOR FAILURE TO RESPOND TO NOTICE TO APPEAR** |

Plaintiff, CHERIE WALTON, pursuant to S.D. Fla. R. 7.1(a)(D), moves for Clerk's Default against Defendant, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, for failure to properly plead or otherwise defend in this case, and in support states as follows:

1. This is action is a proceeding supplementary to execute on a judgment under Fed. R. Civ. P. 69(a) and Section 56.29, Florida Statutes, which originated in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, but was subsequently removed to this court on July 12, 2017. *See generally* Doc. 1.

2. On May 8, 2017, Walton filed a motion for proceedings supplementary against Defendant, as well as an accompanying affidavit, seeking to implead Defendant to determine if

MOTION FOR CLERK'S DEFAULT FOR FAILURE TO RESPOND TO NOTICE TO APPEAR - 1

Case No.: 0:17-cv-61391-WPD

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

any insurance proceeds could be applied toward the underlying judgment. *See* Motion for Proceedings Supplementary and Affidavit of Coleman W. Watson, Esq., attached hereto as **Exhibits "A"** and **"B,"** respectively.

3. On May 23, 2017, the state court granted the motion for proceedings supplementary, permitting Walton to implead Defendant into this action. *See* Order, attached hereto as **Exhibit "C."**

4. On June 19, 2017, the state court issued a notice to appear, requiring the Defendant to file an <u>affidavit</u> "stating why any of its property should not be applied to satisfy Watson's judgment" before July 14, 2017. *See* Doc. 1-3 at ¶ 6.

5. Defendant was properly served with the notice to appear on June 22, 2017. *See* Affidavit of Service, attached hereto as **Exhibit "D."**

6. Defendant's deadline to respond to the notice to appear was eventually extended to July 26, 2017 by this court, but has not been extended any further. *See* Doc. 9.

7. The Federal Rules of Civil Procedure do not apply in proceeding supplementary such as these; instead, the rules of procedure of the state control. *See* Fed. R. Civ. Pro. 69(a).

8. The state procedure that governs is found within Section 56.29, Florida Statutes:

> (1) When any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.
>
> (2) The judgment creditor shall, in the motion described in subsection (1) or in a supplemental affidavit, describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment. Upon filing of

MOTION FOR CLERK'S DEFAULT FOR FAILURE TO RESPOND TO NOTICE TO APPEAR - 2

Case No.: 0:17-cv-61391-WPD

WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

*the motion and affidavits that property of the judgment debtor, or any debt, or other obligation due to the judgment debtor in the custody or control of any other person may be applied to satisfy the judgment, then the court shall issue a Notice to Appear. **The Notice to Appear shall direct such person to file an affidavit, as provided in s. 56.16, with the court by a date certain, which date shall not be less than 7 business days from the date of service of the Notice to Appear, stating why the property, debt, or other obligation should not be applied to satisfy the judgment.*** For good cause shown, the court may shorten the time for serving an affidavit. The Notice to Appear must describe with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment, must provide such person with the opportunity to present defenses, and must indicate that discovery as provided under the rules of civil procedure is available and that there is a right to a jury trial as provided in s. 56.18. The Notice to Appear must be served as provided for in chapter 48. ***A responding affidavit must raise any fact or defense opposing application of the property described in the Notice to Appear to satisfy the judgment, including legal defenses, such as lack of personal jurisdiction. Legal defenses need not be filed under oath but must be served contemporaneously with the affidavit.***

§§ 56.29(1) and (2), Fla. Stat. (2016).

9. On July 21, 2017 Defendant filed a motion to dismiss impleader action, which is not a legally cognizable response to the notice to appear, because it is not an <u>affidavit</u> as required by Section 56.29(2), Florida Statutes. *See generally* Doc. 10. An affidavit, by definition, must be sworn or under oath. *See* 3 Am. Jur. 2d Affidavits § 1 ("An 'affidavit' is a voluntary written statement of fact under oath sworn to or affirmed by the person making it before some person who has authority under the law to administer oaths."). The motion to dismiss impleader action is not sworn or under oath. *See* Doc. 10.

10. Defendant's July 26, 2017 deadline has passed, and Defendant has not filed any legal response to the notice to appear that is permitted by the Florida Statutes.

**WHEREFORE,** Plaintiff, CHERIE WALTON, respectfully requests that the clerk enter a default against the Defendant, for failure to properly respond to the notice to appear, and for

MOTION FOR CLERK'S DEFAULT FOR FAILURE TO RESPOND TO NOTICE TO APPEAR - 3

Case No.: 0:17-cv-61391-WPD

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

1   any such further relief as this court deems fair.

2

3   **DATED** on August 3, 2017.

4

5                                       Respectfully submitted,

6                                       */s/ Alberto T. Montequin*
                                        **Coleman W. Watson, Esq.**
7                                       Florida Bar. No. 0087288
                                        California Bar No. 266015
8                                       Georgia Bar No. 317133
                                        New York Bar No. 4850004
9                                       Email: coleman@watsonllp.com
                                                 docketing@watsonllp.com
10                                      **Alberto T. Montequin**
                                        Florida Bar No. 0093795
11                                      alberto@watsonllp.com
                                        **Ronika J. Carter, Esq.**
12                                      Florida Bar No. 0122358
                                        Email: ronika@watsonllp.com
13

14                                      **WATSON LLP**
                                        189 S. Orange Avenue
15                                      Suite 810
                                        Orlando, FL 32801
16                                      Tel: (407) 377-6634 / Fax: (407) 377-6688

17                                      *Attorneys for Plaintiff,*
                                        CHERRIE WALTON
18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 3, 2017, pursuant to Fed. R. Civ. P. 5, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send an electronic notice to the following lead counsel of record in this proceeding:

**Rory Eric Jurman, Esq.**
Fowler White Burnett
100 SE 3rd Avenue, Suite 2100
Ft. Lauderdale, FL 33394

                                        */s/ Alberto T. Montequin*
                                        Alberto Montequin, Esq.

MOTION FOR CLERK'S DEFAULT FOR FAILURE TO RESPOND TO NOTICE TO APPEAR - 5

Case No.: 0:17-cv-61391-WPD

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688