UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-61391-CIV-DIMITROULEAS

CHERRIE WALTON,

    Plaintiff,
v.

ST. PAUL FIRE AND MARINE INSURANCE
COMPANY,

    Defendant.
_____/

### ORDER ADOPTING, IN PART, REPORT OF MAGISTRATE JUDGE; OVERRULING OBJECTIONS

THIS CAUSE is before the Court upon the August 10, 2018, Report and Recommendation of Magistrate Judge Lurana S. Snow (the "Report") [DE 45]. The Court has conducted a *de novo* review of the Report [DE 45], Defendant's Objections [DE 52], and is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations

made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and Defendant's Objections to Magistrate Judge's Report and Recommendation.

The action was removed to this Court on July 12, 2017, by Defendant St. Paul Fire and Marine Insurance Company on the basis of the parties' diversity. *See* [DE 1]. This is an action for proceedings supplementary to execution, pursuant to Fla. Stat. § 56.29. The action was filed in state court approximately ten years earlier, in December 2007, by Cherrie Walton against her former employer and her former supervisor alleging that her former employer's negligence caused Plaintiff to be subject to sexual assault by her former supervisor, resulting in lost wages, humiliation and other damages. St. Paul was impleaded in the action in late May 2017. After a jury trial, the jury returned a verdict for Plaintiff with damages totaling $1,000,000. Final judgment was issued approximately one year later, on August 21, 2017.

After the verdict but prior to entry of final judgment, Plaintiff filed a Motion for Proceedings Supplementary and to Implead Non-Party St. Paul, pursuant to Fla. Stat.§ 56.29, based on an insurance policy issued by St. Paul to Plaintiff's former employer. On May 23, 2017, the state court granted Plaintiff's request for proceedings supplementary and issued a Notice to Appear to St. Paul, which was served on St. Paul on June 22, 2017. St. Paul removed the proceedings supplementary to this court three weeks later. St. Paul filed a Motion for Summary Judgment [DE 39] arguing that it had no duty to defend or indemnify its insured, Plaintiff's former employer, in the underlying state case because it had untimely notice of the claims, and also because Plaintiff's claim was excluded from coverage under the policy's "Employers liability" exclusion.

In the Report, Judge Snow evaluated the Court's jurisdiction in this matter, which the Court is required to do. Courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of South Alabama v. Am. Tobacco Co.*, 168 F.3d 405 (11th Cir. 1999). When a case has been removed from state court, the district court is required to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Judge Snow found the Court lacks subject matter jurisdiction over this proceeding supplementary because this matter is dependent upon Plaintiff's original tort action, depriving it of the ability to be classified as an independent "civil action" subject to removal under 28 U.S.C. § 1441. The undersigned agrees, so this case must be remanded.

Defendant St. Paul raises one primary objection to this finding, arguing that this proceeding supplementary represents an independently removable controversy concerning insurance coverage. The Court does not find that the issue of insurance coverage converts this into an independent civil action subject to removal. Instead, the undersigned agrees that this matter is dependent upon Plaintiff's original tort action, making it non-removable. Therefore, this case is remanded to state court.

The Court agrees with the Magistrate Judge's conclusions in the Report as addressed in this Order. Plaintiff's objections are overruled. Because the Court finds that it lacks subject matter jurisdiction over this proceeding, it need not address the Magistrate Judge's recommendation regarding Defendant's Motion for Summary Judgment.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 45] is hereby **ADOPTED and APPROVED, in part**, as set forth above;

2. Defendant's Objections [DE 52] are **OVERRULED**;

3. The Clerk is directed to **REMAND** this case to state court, **CLOSE** this case, and **DENY** all pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of September, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record